CHARLES M. HEADLEY

*v.*

MARTHA B. LEAVITT.

[Filed February 26th, 1904.]

1. Conduct of complainant in executing a mortgage to a bank to secure certain notes held by it, and in afterwards taking up such notes, is not evidence of a previous agreement by which complainant was to take care of the notes in such bank, while defendant was to take care of notes in another bank.

2. In a suit to enjoin collection of a judgment in an action at law, evidence *held* insufficient to establish a contract between complainant and defendant whereby the latter was to pay, and release defendant from liability on, certain notes, in consideration of a like agreement by defendant as to other notes.

3. Where a suit to enjoin collection of a judgment is, in effect, one for a new trial, the chancellor may finally dispose of the merits of the cause, or may restrain defendant from enforcing his judgment unless he consents to a new trial in the action at law in which the judgment was rendered.

4. Where, in a suit to enjoin collection of a judgment in an action at law, there is no claim that there has been any newly-discovered evidence,

or that complainant was deprived of any defence through the conduct of defendant, but the ground of relief set out is an estoppel *in pais*, which existed at the time of the trial in the law action, the suit is not one for a new trial, and the chancellor will hold the cause and finally determine it.

5. The remedy for violation of an agreement not to sue within a limited period is by cross-action at law, and such remedy is adequate unless the person making the agreement is insolvent.

On bill for injunction.

*Mr. Linton Satterthwait,* for the complainant.

*Mr. John H. Backes,* for the defendant.

REED, V. C.

The facts upon which the complainant seeks relief are stated in detail in the opinion of Mr. Justice Hendrickson, delivered in this cause and reported in *55 Atl. Rep. 732.* Generally, the situation is this: The complainant owned one-half of the stock of the Headley-Leavitt Company, the other half being held by William H. Leavitt and his wife—William H. Leavitt being the son of the defendant, Martha B. Leavitt. The company became insolvent and Andrew C. Reeves was appointed receiver. There were outstanding several thousand dollars of notes made for the accommodation of the company. Upon some of these notes Mr. Headley was accommodation endorser and upon some he had procured third parties to endorse for the company's accommodation. Upon other notes William H. Leavitt was endorser and had procured the endorsement of his mother and others for the accommodation of the company. Some of these notes had been discounted by the Mechanics National Bank and others in the Trenton Banking Company. The allegations are that Martha B. Leavitt agreed to pay all the notes in the Mechanics National Bank, and Charles Headley agreed to pay all the notes in the Trenton Banking Company; that Mr. Headley gave a mortgage to the Trenton Banking Company to secure the payment of these notes, which mortgage was to be held until the insolvency proceedings were wound up and a dividend declared;

that thereafter Martha B. Leavitt began an action at law upon the notes which had been in the Mechanics bank. At the trial under a plea of accord and satisfaction Mr. Headley set up the agreement already mentioned and the execution of the mortgage to the Trenton Banking Company, which defence, because the notes in the banking company had not actually been paid by Mr. Headley, was overruled. A bill was then filed in this court setting up the facts already displayed with the additional facts that Headley had paid the notes in the Trenton Banking Company, and an injunction was prayed for, restraining the collection of the Martha B. Leavitt judgment. The injunction was refused in this court, but on appeal it was held that the bill disclosed grounds for an injunction. The case is now on final hearing.

In the meantime Mrs. Leavitt having died, her personal representative is the substituted defendant. Her death has deprived the court of her evidence and shuts out that of the complainant in respect to transactions and conversations with her. The testimony in support of the alleged contract consists of a conversation between the parties overheard by Andrew C. Reeves, who was the receiver of the company and in whose office and in whose presence the conversation occurred. His account is in substance as follows: Shortly after he was appointed receiver, he was sitting in his office at the rear of the store of the insolvent company when Mrs. Leavitt and Mr. Headley came in. They were engaged in a conversation concerning the affairs of the company—its failure, &c. He says that Mr. Headley asked for the bill-book and then got it himself from the safe; that Mr. Headley placed the book on the top or at the back of a roller desk, and one of the parties stood at the end and the other at the back of the desk; that they went over the notes in the several banks—Mr. Headley reading them off. That after they had got through the list Mr. Headley got some paper and a list was made up; that they went over the notes, Mr. Headley saying, "I will take care of these notes," and Mrs. Leavitt, "I will take care of these." That one of them said, "Now, I will take care of this list if you will take care of the other list, and it will re-

lieve all the parties of any responsibility," which remark was assented to.   Mr. Reeves says that Mrs. Leavitt, after some remarks about the habits of her son, left the office.   After she went out, he says, he saw the list which Mr. Headley had retained and the notes thereon were those in the Trenton Banking Company; he did not see the list which Mrs. Leavitt took away; he only saw the paper.

Mr. Reeves further says that afterwards Mrs. Leavitt presented a claim to him, as receiver, as holder of the notes which were in the Mechanics National Bank and received eight per cent. dividend, and that Mr. Headley also presented a claim for the notes in the Trenton Banking Company with two or three additional notes and received a dividend of the same per cent. No demand was made upon Mr. Reeves until the beginning of the action upon the notes, the judgment in which action is now sought to be enjoined.   The action was brought after another action had been begun by the receiver against the daughter-in-law of Mrs. Leavitt for unpaid subscription.

It appears in evidence that after this conversation Mr. Headley gave a mortgage to the Trenton Banking Company to secure it for the amount of the company's paper held by it, and that after the trial at law already mentioned he took up these notes. This conduct of Mr. Headley is not in any way evidential of the existence of the alleged agreement between himself and Mrs. Leavitt.   It was not part of the *res gestæ* and is entirely self-serving.

It seems to me that upon a mind uninfluenced by the previous discussions which have arisen in the case, based entirely upon the sufficiency of the allegations in the bill, which allegations were necessarily assumed to be true, the evidence falls short of establishing a contract between Mr. Headley and Mrs. Leavitt by which the latter was to pay and release all other parties, including Mr. Headley, from liability to pay all notes other than those in the Trenton Banking Company.   The conversation detailed by Mr. Reeves was obviously the continuation of a previous talk entered into before entering the office.   What notes each were to take care of was only to be inferred from the fact that Mr.

Headley retained a list of notes which were in the Trenton
Banking Company. What, if any, list Mrs. Leavitt took away
with her does not appear and, therefore, whether the notes in
suit were in that list is not apparent. But if she were to take
care of the notes, including the ones in suit, it does not appear,
aside from the remark "that it would relieve all the parties of
any responsibility," how she was to take care of them. Such
conversation may have alluded to an arrangement by which she
was to take care of these notes so as to prevent action against
the parties for a time, possibly until Mr. Headley could turn
himself, or until the insolvency proceedings could be concluded
and a dividend ascertained, which dividend, it was then sup-
posed, would nearly pay all claims against the company. Such
remark did not necessarily mean that she was to relieve Mr.
Headley of all liability upon the notes forever. Nor is it certain
that the concluding remarks made were exactly as stated. We
all know the difficulty of reproducing the exact words of a con-
versation that occurred some time previous, and the force of the
alleged contract depends upon the exact reproduction of what
was said. Mr. Reeves frankly admits that he, after this lapse
of time, cannot be exact as to the words used; and upon the
trial at law he gave the words as follows: "Now, these notes
I will assume, if you will assume the others, and relieve me of all
responsibility." Mr. Reeves was sitting about fifteen feet from
the speakers, engaged at work upon the inventory of the insol-
vent estate. Nor do I discover any proof of a contract from the
fact that Mrs. Leavitt claimed a dividend upon the group of
notes upon which the action at law was brought. This act was
an assumption on her part that she held the title to this paper
and that the right to receive payment of any dividends belonged
to her instead of the Mechanics National Bank, who had dis-
counted the notes. This was entirely consistent with her taking
up these notes to relieve other parties from a present liability
to actions at law without leading to the conclusion that she had
foregone all right to assert a title against Mr. Headley, or, in
fact, eventually against any of the other parties. Her action

in taking up the paper in no way discharged the parties responsible as makers or previous endorsers.

I am constrained to the conclusion that the contract set upon the bill is not proved.

The counsel for the complainant, however, insists that, although the contract may not be proved to my satisfaction, nevertheless the testimony presents a question which · should be submitted to a jury.

If the suit can be regarded as one for a new trial merely, I could dispose of the merits of the cause finally here, or I could advise an injunction restraining the defendant from enforcing his judgment unless and until he consents to a new trial in the action at law in which the judgment was obtained. But I do not regard the suit as one for a new trial. It is neither claimed that any evidence has been newly discovered nor that the complainant was deprived of any defence through the conduct of the defendant. The ground upon which the complainant was held to be entitled to relief was that, assuming the facts stated in his bill to be true, he had an equitable defence at the time the action at law was tried.

The contract displayed in the bill, as construed by the appellate court, was this: If Headley would within a reasonable time take up the notes in the Trenton bank, then Mrs. Leavitt would take up the notes in the Mechanics bank; and it was held that Mrs. Leavitt, in suing Headley upon the note which she had so promised to pay before the reasonable time given Headley had expired, violated her contract.

This action of Mrs. Leavitt, coupled with the conduct of Headley after the contract and induced by it, was held to constitute an equitable defence to the action.

It is quite clear that the equitable defence could not rest upon the ground that Mrs. Leavitt had promised not to sue within a limited period, for the remedy of Headley for the violation of such an agreement was by cross-action at law. This remedy was adequate unless it were shown, which it is not, that Mrs. Leavitt was financially irresponsible. The equitable defence must have been found in the other facts, namely, that Headley, relying

upon the promise of Mrs. Leavitt, had given a mortgage to secure the Trenton bank and had delayed taking measures to indemnify himself against the note of William H. Leavitt during the lifetime of the latter.

The defence rested upon an estoppel *in pais*.

This places the cause in a position similar to that of *Ruckelshaus* v. *Borcherling, 9 Dick. Ch. Rep. 344; S. C. on appeal,. 10 Dick. Ch. Rep. 589.*

In that case the court held the cause and finally determined it.

I am constrained to the conclusion that the bill should be dismissed.